# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ELECTRALED, INC., <br><br> Plaintiff, <br><br> v. <br><br> ASTERA LED TECHNOLOGY GMBH, et al., <br><br> Defendants. | Case No. 2:25-cv-583-JRG-RSP <br> (Lead Case) |
| ELECTRALED, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHAUVET & SONS, LLC, <br><br> Defendant. | Case No. 2:25-cv-584-JRG-RSP <br> (Member Case) |
| ElectraLED, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Astera LED Technology GmbH, Astera Manufacturing Limited and Astera Distribution Limited, <br><br> Defendants. | Case No. 2:24-cv-00512-JRG-RSP |
| ElectraLED, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Chauvet & Sons, LLC, <br><br> Defendant. | Case No. 2:24-cv-511-JRG-RSP |

**OPPOSED MOTION TO CONSOLIDATE FOR PRE-TRIAL PURPOSES**

Plaintiff ElectraLED, Inc. ("ElectraLED" or "Plaintiff") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 42(a) for an Order consolidating the above-identified three actions for all pre-trial purposes. As detailed below, all four cases are related to LED lighting fixtures. They involve two patents in the same family as U.S. Patent No. 9,618,187 ("the '187 Patent"), being asserted in the consolidated Case No. 2:25-cv-583-JRG-RSP is a continuation-in-part of U.S. Patent No. 7,651,245,[1] which is asserted in Case No. 2:24-cv-00512-JRG-RSP and Case No. 2:24-cv-00511-JRG-RSP ("*Astera I*" and "*Chauvet I*," respectively). In addition, the same 41 Astera accused products at issue in *Astera I*, and all the same except for two Chauvet products in *Chauvet I*, are at issue in the consolidated Case No. 2:25-cv-583-JRG-RSP ("*Astera II*"). Indeed, on March 11, 2025, ElectraLED filed a motion to amend the complaint in *Chauvet I* to add the '187 Patent (*Chauvet I,* Dkt. 36) but later withdrew it after the filing of *Chauvet II*. Accordingly, the issues raised in one action is relevant to the other actions, including claim construction. Consolidation of the pre-trial aspects of these actions for pre-trial activities will promote judicial economy and conserve the resources of both this Court and the parties. Consolidation will also resolve two pending motions to compel before the Court in *Astera I* and *Chauvet I*, in which the defendants are refusing to provide technical documents and financials for certain additional accused products not specifically listed in the original complaints.[2] Defendants in all actions oppose this motion; thus, it is being filed opposed.

---

[1] "[**U.S. Patent 9,618,187** is a] [c]ontinuation of U.S. patent application Ser. No. 14/851,084, filed Sep. 11, 2015, to be issued as U.S. Pat. No. 9,410,690, which is a continuation of U.S. patent application Ser. No. 14/543,622, filed Nov. 17, 2014, now U.S. Pat. No. 9,134,019, which is a continuation of U.S. patent Ser. No. 13/567.488, filed Aug. 6, 2012, now U.S. Pat. No. 8,888,325, which is a continuation of U.S. patent application Ser. No. 12/454,436, filed May 18, 2009, now U.S. Pat. No. 8.235,555, which is a continuation-in-part of U.S. patent application Ser. No. 11/818,216, filed Jun. 13, 2007, now **U.S. Pat. No. 7,651,245**." *See* Ex. 1 (U.S. Patent No. 9,618,187, Related U.S. Application Data) (emphasis added).

[2] Counsel for defendants for all actions are represented by the same counsel and have taken the same exact claim construction positions and briefing in Case No. 2:24-cv-00512-JRG-RSP and Case No. 2:24-cv-00511-JRG-RSP.

## I. FACTUAL BACKGROUND

On July 10, 2024, ElectraLED filed *Astera I* and *Chauvet I*. On May 23, 2025, Plaintiff filed Case No. 2:25-cv-584-JRG-RSP ("*Chauvet II*") and the current consolidated and pending suit *Astera II*. All four cases are related to LED lighting fixtures and the same patents. Moreover, U.S. Patent No. 9,618,187 being asserted in *Astera II* is a continuation-in-part of U.S. Patent No. 7,651,245, which is asserted in *Astera I* and *Chauvet I*. *See* fn1. In addition, the same Astera products at issue in *Astera I*, and all except two Chauvet products in *Chauvet I*, are at issue in the consolidated *Astera II* matter. Indeed, on March 11, 2025, ElectraLED filed a motion to amend the complaint in *Chauvet I* to add the '187 Patent (*Chauvet I,* Dkt. 36) but later withdrew it after the filing of *Chauvet II*. There is a pending motion to compel in *Chauvet I* (Dkt. Nos. 68, 69) related to the need for the production of technical documents and financials for products long known to be at issue, but for which are specifically named in *Astera II* and *Chauvet II*. *See* Dkt. No. 1 for each.

## II. AUTHORITY

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions involving a common question of law or fact if doing so avoids unnecessary cost or delay. Consolidation is appropriate where it promotes trial convenience and administrative economy without causing prejudice, delay, or jury confusion. *See* Fed. R. Civ. P. 42(a); *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270–71 (5th Cir. 1974) (citing 9C Wright & Miller, Federal Practice and Procedure § 2384 (3d ed. 2004)); *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1014 (5th Cir. 1977). Courts enjoy broad discretion to consolidate for discovery and pre-trial purposes, even if some issues differ. *Adaptix, Inc. v. Motorola Mobility LLC*, No. 6:12-cv-00225, 2016 WL 7031307, at *1 (E.D. Tex. Sept. 11, 2016); *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). A single common question suffices, regardless of independent underlying transactions. *Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, No. 2:10-cv-00508, 2012 WL 10816848, at *14 (E.D. Tex. May 30, 2012); *see also York v. Union Pac. R.R. Co.*, No. 6:06-cv-00295, 2007 WL 5787485, at *2 (E.D. Tex. Nov. 19, 2007) ("[T]here must be . . . common

questions of law or fact."); *Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50–51 (5th Cir. 1981). The balancing test weighs judicial economy against potential prejudice. *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999).

This Court has consolidated cases with multifaceted connections, including overlapping accused products, to enhance efficiency and prevent inconsistent adjudications, even when faced with motions to transfer, as here. *See, e.g., Innovative Automation*, 2012 WL 10816848, at *14 (denying transfer and ordering consolidation); *Aguirre v. ISC Constructors, LLC*, No. 4:15-cv-00368, 2015 WL 12748270, at *2 (E.D. Tex. Dec. 3, 2015) ("Rule 42 thus provides the Court with an instrument for promoting judicial economy."); *Portal Techs. LLC v. Yahoo! Inc.*, No. 6:11-cv-00477, 2012 WL 3242205, at *4 (E.D. Tex. Aug. 7, 2012) (denying motion to transfer and indicating its intent to consolidate at least portions of the cases in the interest of judicial economy).

### III.   CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY

These actions share common questions of law and fact, warranting consolidation. Each alleges infringement of the '245 and/or '187 Patents by LED lighting fixtures incorporating fins and related elements claimed in both patents. Although Astera and Chauvet offer distinct overall products, both utilize the patented technology at issue. Plaintiff's claims arise from the same core transactions: defendants' making, using, offering for sale, and selling of these infringing products. *See* Dkt. No. 1 in each action.

Absent consolidation, the Court faces duplicative efforts: two Markman hearings to construe overlapping terms in related patents (with the '187 Patent as a continuation-in-part of the '245 Patent); redundant infringement analyses for substantially identical accused products; and parallel validity and damages inquiries. Consolidation will centralize these issues, reduce filings, and yield substantial cost savings for the Court and parties—without prejudice, as discovery and protective orders are already identical across actions. The parties will adhere to the *Astera II* orders if consolidation is granted.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court consolidate *Astera I* and *Chauvet I* with the existing consolidated action under *Astera II* (or such other case number as the Court deems appropriate) for all pre-trial purposes, and direct the Clerk to merge the dockets accordingly.

Date:   October 29, 2025

*/s/ Randall T. Garteiser*
M. Scott Fuller
  Texas Bar No. 24036607
  sfuller@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this day, I caused to be electronically-filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ Randall T. Garteiser
Randall T. Garteiser

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel of record for Plaintiff have conferred with counsel of record for Defendants, both by email and telephonically. Defendants oppose this motion.

s/ Randall T. Garteiser
Randall T. Garteiser